No. 553

McCUNE v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7885.   Decided May 2, 1927

333.   CRIMINAL LAW — 1265. Weight of Evidence—In a criminal case a verdict of guilty is authorized only when the evidence produced establishes the guilt of the accused beyond a reasonable doubt, and the verdict may be manifestly against the evidence altho supported by a preponderance of testimony.

803.   MURDER—In order to prove second degree of murder, the State must prove not only the killing but, beyond a reasonable doubt, that the defendant purposely and maliciously did the killing.

**First Publication of this Opinion**

SULLIVAN, P. J.

Mortimer McCune was indicted and convicted of the crime of murder in the second degree. The evidence shows that McCune and one Ryder, were badly intoxicated on the night before the killing. That early on the following morning, Ryder and McCune, with several others, were riding in an automobile. They drove to the home of Ryder and he got out of the machine. Very soon thereafter there was a tussle over a revolver in McCune's hands between McCune and Ryder. During this tussle Ryred was shot and killed.

Just prior to the killing a bullet was shot thru the top of the machine, and the tussle arose from the firing of this shot.

At no time during the night preceding the killing or the following morning, while each of the men was conducting a drinking party for several of his friends, and during which time the two had met on several occasions, was there any evidence of ill feeling between them. There is an utter lack of any evidence of a competent nature, that there was any ill feeling before the hour of the fatality.

The Court of Appeals reversed the Common Pleas and held as follows:—

1. In order to constitute murder in the second degree an intent to kill must be established beyond a reasonable doubt. Jones v State 51 OS 331. It is not enough to constitute second degree murder to show that defendant purposely did the act causing death. It must be shown that he intended to kill. State v Munday, 72 OS 614. In a civil case the verdict is authorized if supported by a bare preponderance of the testimony, but in a criminal case a verdict of guilty is authorized only when the evidence produced establishes the guilt of the accused beyond a reasonable doubt; and the verdict may be manifestly against the evidence altho supported by a preponderance of the testimony, for the reason that more than a preponderance of the testimony is required to warrant a verdict of guilty. Moran v State 11 OCC 464.

There is no evidence in this case of sufficient substance to come within the rules of criminal law with respect to a reasonable doubt, that responds to these authorities with respect to a verdict of murder in he second degree.

Judgment Reversed.

(Vickery and Levine, JJ., concur)

Attorneys—:Bernon, Mulligan, Keeley & Le Fever for McCune, E. C. Stanton, Esq, for State; all of Cleveland.

---

No. 554

SNYDER v. EUCLID 105th PROP. CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1364.   Decided March 4, 1927

465.   ERROR—Where a case is tried to a court without a jury, final judgment may be entered before a motion for new trial has been overruled by the court.

**First Publication of this Opinion**

BY THE COURT.

This is a proceeding in error to review a judgment of the Court of Common Pleas entered June 18, 1926. The petition in error was filed Oct. 21, 1926, more than seventy days after the final judgment.

It was claimed that under 11599 GC the final judgment should not have been entered until after the motion for a new trial had been overruled. The Court of Appeals held that the petition in error was not filed within the statutory time after the final judgment, and that the court had no jurisdiction to review it. 11599 GC does not apply to a case tried by a court without a jury, and where a case is so tried, the time within which a petition in error must be filed should be computed from the date of the final judgment Craig v Welply, 104 OS. 112.

Proceedings in error dismissed.

(Ferneding, Kunkle & Allread, JJ. concur)

Attorneys—Frankham, Evans and McGhee for Snyder, Watson, Davis & Joseph for Euclid 105th Prop. Co.; all of Columbus.